**Reginald Otto SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–354.**

Court of Criminal Appeals of Oklahoma.

Dec. 31, 1975.

Pete Silva, Jr., Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Reginald Otto Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–74–979, for the offense of Larceny of an Automobile, in violation of 21 O.S.1971, § 1720. His punishment was fixed at a term of three (3) years' imprisonment with same being suspended and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness at trial was Michael McCollum who testified that on the evening of the 29th of April, 1974, he had left his 1971 Ford Torino automobile parked in his father's used car lot adjacent to his residence, with the keys in the vehicle. He further stated that the next morning he received word that his car was being held by the Sheriff's Office, whereupon he proceeded to pick up the vehicle at Al Storey's Wrecker and Storage. He stated that at no time had he given anyone permission to remove his car from the lot.

Wylie Kern Shipman, Jr., testified that he was Deputy Sheriff for Tulsa County and was so employed on the evening of April 29, 1974, at which time he was patrolling the area of 7200 North Peoria in Tulsa. He testified that while patrolling he observed the defendant in a used car lot trying to open the doors of parked cars and finally entering a Mustang and remaining for some time. He further stated that while continuing surveillance of the car lot he observed a Ford Torino leaving the lot at a high rate of speed, and he pursued the vehicle, ultimately stopping it approximately two miles from the car lot. He further stated that the driver of the automobile was the defendant and that he arrested the defendant for having no driver's license. When the backup officers ar-

rived he proceeded to search the defendant's car whereupon he removed a checkbook from the glove compartment of the car which bore the name of Michael McCollum. He further stated that a wrecker was called and that he advised the defendant of his Miranda rights, whereafter the defendant made some statement about taking the car to Chicago.

Defendant's sole assignment of error asserts that the trial court erred in failing to instruct the jury as to the lesser included offense of unauthorized use of a motor vehicle. The record notes that defense counsel requested such an instruction in writing and that the trial court refused the instruction. The defendant further contends that refusal to give such instruction effectively invaded the province of the jury and decided the question of fact as to whether or not the defendant intended to deprive permanently the owner of his vehicle or of its possession. The thrust of such an argument must be that the defendant did not intend to deprive permanently the owner of the vehicle or of its possession but simply only had the intent to deprive the owner of his vehicle temporarily.

We first note that 22 O.S.1971, § 916, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

This Court has further held that it is not necessary to instruct the jury as to an included offense when the facts do not justify it. See, *Palmer v. State,* Okl.Cr., 327 P.2d 722 (1958). In the instant case the defendant did not testify, nor was any evidence presented in his behalf. The State's evidence proved that the defendant took Mr. McCollum's car from the lot without permission and that the defendant's intent was to take the car to Chicago. No evidence was presented which would prove that the defendant's intent was only temporarily to deprive Mr. McCollum of his vehicle or its possession. A prima facie case of larceny of an automobile was proven and the instructions given in the instant case fairly and correctly stated the applicable law. *Turman v. State,* Okl.Cr., 522 P.2d 247 (1974).

After a careful review of the record we feel that neither an instruction on 47 O.S. 1971, § 4–102[1] nor on 21 O.S.1971, § 1787[2] as lesser included offenses of larceny of an automobile as provided in 21 O.S.1971, § 1720[3] were justified under the facts and circumstances of this case. We further note that an assertion analogous to the defendant's in the instant case, although distinguishable, was made in *Tillman v. State,* 82 Okl.Cr. 276, 169 P.2d 223 (1946), and was rejected by this Court.

For the reasons herein stated, we find the defendant's assignment of error to be without merit and the judgment and sentence appealed from is, accordingly, *affirmed.*

BRETT, P. J., and BUSSEY, J., concur.

1. Title 47 O.S.1971, § 4–102, provides as follows:

"A person not entitled to possession of a vehicle who, without the consent of the owner and with intent to deprive him, *temporarily* or otherwise, of the vehicle or its possession, takes, uses or drives the vehicle is guilty of a felony." (Emphasis added)

2. Title 21 O.S.1971, § 1787, provides as follows:

"From and after the passage of this Act, it shall be unlawful for any person or persons to loiter in or upon any automobile or motor vehicle, or to deface or injure such automobile or motor vehicle, or to 'molest, drive, or attempt to drive any automobile, for joy riding or any other purpose, or' to manipulate or meddle with any machinery or appliances thereof without the consent of the owner of such automobile or motor vehicle."

3. Title 21 O.S.1971, § 1720, provides as follows:

"Any person in this State who shall steal an aircraft, automobile or other automotive driven vehicle shall be guilty of a felony, and upon conviction shall be punished by confinement in the State Penitentiary for a term of not less than three (3) years, nor more than twenty (20) years."