**Kenneth Edward DOTY, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-608.**

Court of Criminal Appeals of Oklahoma.

July 10, 1978.

---

1.  10 O.S.Supp.1977, § 1104(d).

Frank H. McCarthy, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Kenneth Edward Doty, Jr., hereinafter referred to as the defendant was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–76–2961, for the offense of Unlawful Possession of Marihuana with Intent to Distribute, After Former Conviction of a Felony, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at twenty-five (25) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Charles Michael McCool testified that on October 29, 1976, he was working as an undercover agent for the organized crime division of the Tulsa Police Department. He met the defendant at the Queen of Hearts Club at approximately 11:30 p. m. During the course of the conversation, the defendant asked him if he would be interested in buying some marihuana. Defendant stated that he had five pounds that he wanted to sell and would sell them for $80.00 a pound. They left the club in the officer's car and proceeded to an apartment at 417 West 7th Street. The defendant removed five plastic bags from a closet and placed them on the coffee table in the living room. McCool selected one of the bags and paid the defendant $80.00. They left the apartment and returned to the officer's car. McCool drew his gun and pointed it at the defendant. He said "Freeze. Police officer. Don't move." The defendant instead lunged at him and grabbed the gun. A scuffle ensued and McCool was knocked down to one knee. The defendant broke off the encounter and ran away. McCool again ordered the defendant to stop and fired four shots in his direction. Officer Wayne Allen also fired two shots at the defendant. Defendant subsequently collapsed approximately 150 yards from the scene of the affray. McCool returned to his car, picked up the bag of marihuana and gave it to Investigator Akins.

Investigator Charles Creekmore testified that on the evening of October 29, 1976, he was working surveillance for Officer McCool. He observed McCool and the defendant walking from an apartment toward the officer's vehicle. He testified that the officer had been equipped with an electronic transmitting device. He heard McCool inform the defendant that he was a police officer and to not move. He next observed the two men fighting and he started running toward them. The defendant got up and ran. Several shots were fired at the defendant by both Investigator McCool and Investigator Allen. He testified that the effectiveness of the transmitting device was terminated when the defendant jumped McCool.

Officer Carl Akins testified that on the evening in question he picked up a bag containing a green leafy substance near the left wheel of Officer McCool's vehicle. He sealed it, tagged it and placed it in the property room.

Officer Wayne Allen testified that he was working in an undercover capacity with Investigator McCool. A male informant introduced he and McCool to the defendant. McCool and the defendant left the club together at approximately 11:15 p. m. He joined Officer Creekmore in the surveillance vehicle. He heard McCool order the defendant to freeze on the listening device. He got out of the vehicle and observed the defendant and McCool fighting. Defendant ran and both he and McCool fired at him. Defendant ran for a distance and fell to the ground.

Investigator Forrest Wood testified that he placed a body transmitter on the lower back of Investigator McCool and a microphone to his upper chest. He further testified that the transmitter worked properly until such time as the microphone was pulled or knocked loose.

The witness testified on redirect examination that he assisted in the execution of a search warrant at the apartment in question. He identified four baggies which were found in the closet of the apartment.

The parties stipulated that if forensic chemist Mary Ann Vaughn were present, she would testify that the contents of the State's Exhibits was marihuana.

Defendant asserts in the first assignment of error that the prosecuting attorney erred by placing a burden on him to testify or present evidence in his own behalf. He argues that the following questions propounded to Officer Wood on redirect examination were improper:

"Q. Officer, if Counsel should want to hear that tape, could you play that tape for him?

"A. Yes, sir, I could.

"Q. And you would do so, wouldn't you?

"A. Yes, sir, I would."

Defendant is eminently correct that it is highly improper to comment either directly or indirectly on a defendant's failure to testify or to place a defendant in a position of having to testify. See *Hanf v. State*, Okl.Cr., 560 P.2d 207 (1977) and *Garner v. State*, Okl.Cr., 500 P.2d 865 (1972). However, we are of the opinion that the complained of question could not in any manner be considered a comment on the defendant's failure to testify nor did they place the defendant in a position of having to testify. The witness had been thoroughly cross-examined prior thereto by the defendant concerning the quality of the tape, thus making the complained of question proper. We therefore find this assignment of error to be wholly without merit.

Defendant contends in his final assignment of error that the punishment is excessive. We have consistently held that we will not modify a sentence unless we can conscientiously say that under all the facts and circumstances, sentence is so excessive as to shock the conscience of this Court. See *Hill v. State*, Okl.Cr., 550 P.2d 1356 (1976). Suffice it to say that considering the overwhelming evidence of the defendant's guilt and this is his fourth felony conviction we cannot conscientiously say that the sentence imposed shocks the conscience of this Court. The judgment and sentence is accordingly *AFFIRMED*.

CORNISH and BRETT, JJ., concur.