**Wayne Wesley WOMBLE, a/k/a Wesley A. Cunningham, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–383.**

Court of Criminal Appeals of Oklahoma.

May 18, 1983.

R.W. Byars, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Eric Hermansen, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Wayne Wesley Womble, a/k/a Wesley A. Cunningham, was convicted by a jury in Okmulgee County District Court of Rape in the First Degree, and sentence was fixed at fifty (50) years' imprisonment. Appellant contends that the trial court erred in not declaring a mistrial because of statements made by certain witnesses and by the prosecutor during closing argument.

Appellant entered the convenience store, where the prosecutrix was working, three times on the morning of May 3, 1981. Prosecutrix became suspicious of the appellant's conduct, and each time telephoned her husband, who then came to the store. The evidence at trial showed that on the third occasion, the appellant assaulted and raped the prosecutrix. Prosecutrix's husband arrived during the assault, and appellant fled the store in his truck, which was later found abandoned.

The appellant alleges that a mistrial should have been declared when the prosecutrix testified that during one of his visits, defendant purchased a Penthouse magazine. When quizzed by the prosecuting attorney as to what type of magazine this was, she stated that it was "pornographic pictures." Defendant contends that this statement is inadmissible evidence of another crime. Again, defendant contends that a mistrial should have been declared when the investigating police officer responded to the prosecutor's question of whether the officer was able to identify any persons shown in a polaroid picture found in defendant's truck following the rape by answering that he was "familiar" with the defendant's identity. Upon defense counsel's request for a mistrial, the trial judge

denied the motion and pointed out to the jury that the witness was also familiar with the judge's and his bailiff's identity.

The rule is that evidence of other crimes is inadmissible except with certain limited exceptions. See 12 O.S.1981, § 2404(B). Defendant fails to explain in each instance, however, what other crimes were put into evidence. In *Agee v. State,* 562 P.2d 913, 916 (Okl.Cr.1977), we stated:

[A] thorough reading of the transcript by this Court has failed to reveal the type of evidence in this case which this rule is intended to exclude. In this case there is only an implication of another crime, an implication obvious only to the defense counsel. To extend the protection of this rule to every possible implication which might be conceived by defense counsel would be a severe stretching of the rule. . . .

See also *Webb v. State,* 586 P.2d 78 (Okl.Cr. 1978).

■ Defense counsel objected at trial to the statement by the prosecutrix that the magazine contained pornographic pictures. The court sustained the objection and admonished the jury to disregard her answer. The admonition to disregard usually cures an error unless it appears to have determined the verdict. *Price v. State,* 546 P.2d 632 (Okl.Cr.1976). The admonition of the court in the present case was sufficient and the statement could not have determined the verdict in light of the overwhelming evidence of defendant's guilt. Thus, we find defendant's arguments to be without merit.

■ Appellant next contends that the same statement by each witness also constituted an evidentiary harpoon. In *Bruner v. State,* 612 P.2d 1375, 1378–79 (Okl.Cr.1980), this Court noted the features of evidentiary harpoons as including:

(1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are wilfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they are prej-

udicial to the rights of the defendant on trial.

While evidentiary harpoons might be made by a lay witness, see *Bruner* at 1379, the prosecutrix's statement was not voluntary but rather made in direct response to a question by the prosecutor, as in *Bruner.* The investigating officer's remark that he was "familiar" with the defendant's identity was also in direct response to the prosecutor's questions, and was not voluntary in the required sense. And, as we noted previously, neither witness' statement provided evidence of other crimes. Therefore, we find defendant's contention to be without merit.

Defendant's next assignment of error is that the trial court failed to declare a mistrial in view of certain statements made by the prosecutor to the jury during closing argument. The entire gist of the prosecutor's closing argument was that this jury must put a halt to the rising crime rate in Okmulgee County by imposing a stiff penalty in this particular case. Specifically, he told them:

"When you walk out from this courthouse and you can't ever say again, why don't they do something at the courthouse about the crime. . . . This is the time and place to put a stop to this crime. . . . That he or those that wish to follow in his footsteps will be deterred from raping the women of our county and our state. Only you can do that. You walk out of here and find him not guilty, okay, come to Okmulgee County, this is the place to do it. Ladies and gentlemen, I ask you in all sincerity, on behalf of this woman and a family and the people and society of this county—"

In *Cooper v. State,* 584 P.2d 234, 239 (Okl.Cr.1978) we said:

These tactics—calling defendants liars, playing on societal alarm, invoking the jurors to set an example or instilling in their minds the impression that they are somehow accountable for the rising crime rate—are as reprehensible as they are familiar. Because they thwart the basic

principle that the role of the jury is to determine only the guilt or innocence of an accused, they are offensive to a sense of justice and intolerable to this Court.

 We find that the statements made in this case were as offensive as those made in *Cooper*. While the prejudice created thereby does not require reversal of the judgment, this Court may modify the sentence in the interests of justice. 22 O.S.1981, § 1066. We, therefore, modify defendant's punishment by reducing it from fifty (50) years' imprisonment to twenty-five (25) years' imprisonment. Judgment is AFFIRMED and sentence is MODIFIED accordingly.

BUSSEY, P.J., and BRETT, J., concur.