**Jimmie Dean STOHLER, Petitioner,**

v.

**The STATE of Oklahoma, ex rel., the Honorable Margaret LAMM, Judge of the District Court within and for Tulsa County, State of Oklahoma, Respondent.**

**No. O–84–670.**

Court of Criminal Appeals of Oklahoma.

March 12, 1985.

Tom R. Gann, Tulsa, for petitioner.

David Moss, Dist. Atty., Tulsa, for respondent.

## OPINION

BRETT, Judge:

On March 23, 1982, a preliminary information was filed in Tulsa County District Court, Case No. CRF–82–1067, charging the petitioner and Jack Ensminger, Jr. with First Degree Murder, 21 O.S.1981, § 701.7. The information alleged that the two men, while acting in concert, killed Michelle Rae Powers by shooting her with a bolt from a crossbow. The petitioner was arraigned on September 7, 1982. On May 4, 1983, after a grand jury indictment was returned, the Attorney General filed another information, Tulsa County District Court Case No. CRF–83–1588, additionally charging the petitioner with Conspiracy to Commit Murder, 21 O.S.1981, § 421.

Upon his February 9, 1984, plea of nolo contendere to the conspiracy charge, the petitioner was found guilty and sentenced to ten years in prison. The petitioner now

asks this Court to prohibit the Honorable Margaret Lamm, District Judge, Tulsa County, and the State of Oklahoma, from proceeding to trial on the murder charge and to require her to dismiss the charge pursuant to 21 O.S.1981, § 11 and the Double Jeopardy clause of Okla. Const. art. II, § 21. We decline to do so.

■ The double jeopardy clauses found in the United States, and Oklahoma Constitutions provide that no person shall be twice put in jeopardy of life or liberty for the same offense. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that the federal constitutional prohibition against double jeopardy protects against a second prosecution for the same offense after acquittal or conviction, as well as protecting against multiple punishments for the same offense. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ This Court has long held that a conspiracy to commit an unlawful act constitutes an independent crime, complete in itself and distinct from the unlawful act contemplated. *Combs v. State*, 94 Okl.Cr. 226, 233 P.2d 314 (1951); *McCreary v. Venable*, 86 Okl.Cr. 169, 190 P.2d 467 (1948); *Burns v. State*, 72 Okl.Cr. 432, 117 P.2d 155 (1941). The crimes of Conspiracy to Commit Murder and First Degree Murder each have at least one element that the other lacks. Conspiracy to Commit Murder requires two or more persons planning together; First Degree Murder requires the death of a person. Clearly these are two separate offenses, the prosecution of which is not barred by Double Jeopardy.

Nor is prosecution of both offenses barred by 21 O.S.1981, § 11. As this writer stated in *Shackelford v. State*, 481 P.2d 163 (Okl.Cr.1971):

If two criminal acts are committed—which are separate and independent acts—punishment for the second act is not proscribed by 21 O.S.Supp.1970 § 11; however, each separate act can be charged under only one statute, whether there is a conviction or acquittal, even though it may violate several statutes.

*Id.* at 166 (Brett, J., specially concurring).

The act which led to the petitioner's conviction for Conspiracy to Commit Murder was plotting with Jack Ensminger, Jr., to kill Michelle Rae Powers. The act which gave rise to the charge of murder, however, was the actual carrying out of that plan. As two criminal acts were committed, punishment for the second act, that is, murder, is not proscribed by 21 O.S.1981, § 11.

■ The petitioner's argument that collateral estoppel bars prosecution for the murder is likewise erroneous as the ultimate fact—that the petitioner did with malice aforethought cause the death of Michelle Rae Powers—has not been determined by a final and valid judgment.

■ Lastly the petitioner argues that under *Chaney v. State*, 612 P.2d 269 (Okl.Cr. 1980), the State is estopped from forcing the petitioner "to once again defend himself against the same evidence arising out of the same transaction." While it is true that both charges should have been tried together if the petitioner had pled not guilty to both, the petitioner cannot frustrate justice by pleading guilty to the lesser offense. He has not yet been forced to defend himself, so he is not being forced to *again* defend himself.

THEREFORE, after considering the matter before this Court, we are of the opinion neither double jeopardy nor estoppel applies; and therefore, petitioner should stand trial in Case No. CRF–82–1067. The writ of prohibition or mandamus is DENIED.

PARKS, P.J., dissents.

BUSSEY, J., concurs.

PARKS, Presiding Judge, dissenting.

I respectfully dissent. I am of the opinion that the "same transaction" test for double jeopardy, as skillfully explained by Justice Brennen in *Ashe v. Swenson*, 397 U.S. 436, 448, 90 S.Ct. 1189, 1197, 25 L.Ed.2d 469 (1970) is eminently correct, and affords the proper interpretation of both the Fifth Amendment to the U.S. Constitution and article 2, section 21 of the Oklahoma Constitution. In my view, both the conspiracy and murder were part of the same transaction and, accordingly, petitioner's plea of nolo contendre to one bars subsequent prosecution of the other.