**Maurice LOVELACE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-84-198.**

Court of Criminal Appeals of Oklahoma.

March 4, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction in the District Court of Osage County, Case No. CRF–82–113, on the charge of Robbery with Firearm, in which he received a sentence of twenty-four (24) years' imprisonment, the appellant raises two assignments of error.

Briefly, the facts show that on the evening of August 12, 1982, the appellant walked into a U-Tote-M convenience store in Pawhuska, Oklahoma, and after purchasing a pack of cigarettes, pulled out a gun, laid his hand holding the gun on the counter, and stated, "I want your money." The clerk placed approximately $135.00 in a sack and handed it to the appellant who said "give me a few minutes or I'll do something bad to you," and he fled. He was apprehended a few hours later in Kansas. At trial the clerk positively identified the appellant as the man who robbed her.

▪ For his first assignment of error the appellant alleges that he received an unfair trial because comments and questions by the prosecutor during closing and cross-examination were improper. Of the errors alleged in this assignment, only two were properly preserved by the imposition of timely objections. Therefore, we will address only the alleged errors to which the appellant objected. See, *Tucker v. State*, 620 P.2d 1314 (Okl.Cr.1980). First, during the closing argument of the prosecutor, he commented that "carrying a loaded gun was one step and a quarter of an inch on a trigger pull to using the gun." The appellant's attorney moved for a mistrial and asked that the jury be admonished. Second, during cross-examination the prosecutor asked the appellant if he remembered stopping at a filling station in Sedan, Kansas and causing them "some concern." The court sustained an objection by the appellant's attorney on the grounds that the question was improper cross-examination as there was no direct reference to the subject in direct examination. The appellant's attorney then moved for a mistrial on the grounds that the prosecutor had inserted a reference to other crimes. In both instances the court denied defense motions for mistrial. In the first instance the court admonished the prosecutor before the jury that there was "no measurement involved," and in the second instance the court admonished the jury not to consider the question. We have held on many occasions that a trial court's admonitions to the jury not to consider the remarks of counsel usually cures an error unless it is of such nature after considering the evidence as to determine the verdict. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). In view of the overwhelming evidence of guilt, the remarks of the prosecutor cannot be said to be so prejudicial as to have adversely affected the fairness and impartiality of the proceedings. We have examined the other comments made by the prosecutor during closing argument of which the appellant complains and find nothing requiring modification or reversal. This assignment of error is without merit.

▪ For his second assignment of error, the appellant alleges that an excessive sentence was imposed. "We have consistently held that we will not modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of this Court." *Doty v. State*, 581 P.2d 899 (Okl.Cr.1978). The twenty-

four year sentence was well within the range established for this offense. The evidence of guilt was overwhelming, and we cannot say that the sentence imposed shocks the conscience of the Court.

The judgment and sentence appealed from is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

I agree with the majority opinion as to the outcome of this case. I feel, however, the need to suggest that this Court's opinion in *Tobler v. State*, 688 P.2d 350, 55 O.B.J. 1789 (Okl.Cr.1984), be read very carefully, as it highlights the position of this Court on prosecutorial misconduct at the trial level. In the case at bar, the prosecutor was precariously close to reversible error, or at the least, modification of the sentence imposed. However, the evidence of guilt was so overwhelming as to not reveal any prejudice due to the errors made by the prosecutor.

It should be noted that many of the errors and improper comments were not objected to at trial, and therefore, were only reviewed for fundamental error and prejudicial effect. Having reviewed the record, I agree that the conviction must be allowed to stand.

As to the excessiveness of the twenty-four (24) year sentence imposed, the appellant argues that there is no justification for that long of a sentence. Of course, it has long been held that this Court will not modify a sentence unless it shocks the conscience of this Court. *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977).

As Judge Nix succinctly stated in *Beeler v. State*, 334 P.2d 799, 807 (Okl.Cr.1959):
"No doubt the jury was in a much better position to assess the punishment than the Criminal Court of Appeals. They heard and had occasion to observe the witness and the testimony of the prosecuting witness which, if believed by the jury, justified their verdict."

Accordingly, I find no justification for modifying the sentence imposed.