Daniel Ray HARTSFIELD, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–505.

Court of Criminal Appeals of Oklahoma.

July 16, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Daniel Ray Hartsfield was convicted of Robbery with a Firearm in Garfield County District Court and sentenced to five (5) years imprisonment, and he appeals.

On September 17, 1983, shortly after 10:00 a.m., while working as a sales clerk at Nickell Drug, Mrs. Dorthy Harkin was accosted at gunpoint by a man she identified in court as the appellant. The man instructed Mrs. Harkin to walk to the pharmacy while he followed her with the gun. Upon entering the pharmacy the man told Mrs. Harkin to lie down on the floor and ordered the pharmacist, Truman Park, to give him Quaaludes, Demerol and Percodan. After searching for the drugs, Mr. Park placed those that he found in a brown paper bag provided by the robber. The man then followed Harkin and Park to the cash register at the front of the store. He ordered them to give him the money from the register and Park placed the money in the man's paper bag. The robber told Harkin and Park to go back to the pharmacy, lie on the floor, and not call the police for five minutes or he would kill them.

At trial, Mr. Park also positively identified the appellant as the person who robbed the pharmacy. After the appellant had been advised of and waived his *Miranda* rights Officer Danahy and Detective West, of the Enid Police Department, advised the appellant that he had been identified in a photo lineup as the perpetrator of the robbery of Nickell Drug. The appellant denied any involvement in the crime. He instead contended that he had been at his sister and brother-in-law's house on the morning in question. Officer West seized two brown bottles containing white tablets from the residence of Doug Hartsfield and his brother Dennis Hartsfield. At trial both the appellant's brothers, Doug and Dennis Hartsfield, testified neither of them had seen the two bottles of drugs prior to the search and seizure of their residence. Dennis Hartsfield also testified that on the date the pharmacy was robbed, he had loaned his car to the appellant. The car keys given to the appellant also contained a key to the apartment where the drugs were found. At trial Frank Nickell, the regular pharmacist from Nickell Drug, testified that the bottles containing the drugs seized

from the Hartsfield apartment could have been the ones taken during the robbery of Nickell Drug.

In his first assignment of error, the appellant complains that his in-court identification by Dorthy Harkin and J.T. Park, was tainted by a pre-trial photographic display which was allegedly so impermissibly suggestive as to create a likelihood of irreparable misidentification. We do not agree.

The record reveals that Officer Randall of the Enid Police Department showed a picture lineup to Park a couple of days after the robbery. Officer West testified that he showed Park a color lineup and a black and white lineup of individual photos including one picture of the appellant and one of his brother Doug. Park picked out the photo of the appellant and positively identified him as being the man who robbed the pharmacy. Two officers of the Enid Police Department showed one photo lineup of individuals to Harkin, but she was unable to positively identify the appellant although she did say there was a real similarity between one of the photos and the robbery suspect. Harkin related at the preliminary hearing that all the individuals in the photo lineup had similar facial structures and were of the same age and race. Both Harkin and Park stated that at the time of the showing none of the officers suggested which if any of the photographs were of the suspected robber. We are of the opinion that the pretrial showing followed the guidelines recommended in *Thompson v. State*, 438 P.2d 287 (Okl.Cr. 1968), and was not suggestive. Therefore, this assignment of error is without merit.

In his second assignment of error, the appellant claims that the trial court erred in not giving the jury a cautionary instruction regarding eyewitness testimony made by the victim. We disagree.

This Court has held in *Pisano v. State*, 636 P.2d 358, 361 (Okl.Cr.1981), that a cautionary instruction is not necessary under the following conditions: 1) the opportunity for a positive identification was present; 2) the witness is positive in his identification; 3) there was no prior failure to identify the defendant; and, 4) the witness remains positive as to the identification after cross-examination. The facts of this case clearly establish that all of the aforementioned conditions were present regarding the appellant's identification by Truman Park. Park and Harkin testified that they had a good look at the defendant during the robbery, both testified that the suspect was white, wearing sunglasses, wearing a brimmed cap, had a moustache and was in his twenties. They were also positive at the preliminary hearing and at trial in the identification of the appellant as the robbery suspect. Although Mrs. Harkin was unable to positively identify the appellant in the photo lineup prior to trial, we find no reversible error since her identification was merely cumulative. *Schneider v. State*, 538 P.2d 1088 (Okl.Cr.1975).

In his third assignment of error, the appellant claims the trial court erred in not allowing the appellant to modify the in-court identification procedures at trial. Prior to trial, the defense counsel made a request that the appellant sit in the gallery with the spectators during the in-court identification of the witnesses, and that another individual resembling the appellant sit at the defense table. The prosecutor objected to the appellant's request. At the beginning of the trial, the trial court overruled the appellant's request. In *Miskovsky v. State ex rel Jones*, 586 P.2d 1104, 1108, 1110 (Okl.Cr.1978), we held that the trial court's responsiblity does not extend to determining whether defense counsel is attempting an unauthorized test of a witness' ability to identify the defendant, and that a test such as the one requested in this case may be made at the discretion of the trial court. We also stated that the defense should not be prevented from testing the ability of a witness to identify a defendant when a true question of identity is presented. In view of the circumstances in this case, that the appellant was positively identified by a witness in a photo lineup in addition to matching the description given by both witnesses of the robbery suspect,

we conclude that there is no true question of identity. Accordingly, we find the appellant's third assignment of error without merit.

In his fourth assignment of error the appellant contends that the prosecutor violated his Fifth Amendment Right to remain silent by eliciting repeated comments on the appellant's exercise of his *Miranda* rights.

On direct examination of Detective Michael Danahy, the prosecutor established that the appellant had signed a *Miranda* waiver and indicated that he was not involved in the robbery. The following exchange then occurred:

THE COURT: Go ahead.

A. Prior to him saying that he wanted to talk to a lawyer, we had asked him when he shaved his moustache off, as the subject that had robbed the store had a moustache. He told me that—this was on a Monday, I believe. He told me it was last week sometime, like on a Wednesday. We then again advised him that we had probable cause and he refused to talk to us and said he wanted to speak to an attorney at that time.

Q. Okay. After he stated that he wished to speak to an attorney, what did he do then?

MR. HLADIK: Objection, Your Honor, that is not admissible.

[Off-the-record discussion at the bench is [sic] low tones between Court and counsel.]

Q. Officer, what did you do after he advised you?

A. We then led him back to the jail area for booking procedure.

Q. All right. Did you ask him any further questions?

A. No, we did not.

Q. Did he make any further statements to you?

A. Yes, he did.

Q. And what did he say?

A. While we were booking him in, he was making statements like, he said to me at one time, 'You guys found dope at my brother's house and you arrested me for it.' He just couldn't understand why he was being arrested. At that point I told him we did not say anything about dope. I said, 'We found some items on the search waiver.' He continued to ask us why he was being arrest[ed], and we told him and we didn't ask him any more questions. We told him he better not say any more.

Q. No further questions, Your Honor.' (Tr. 186–188).

■ We have consistently held that a person has the right to remain silent when arrested and that such silence cannot be used against him to establish the commission of a crime. However, even an officer's statement that the defendant "wished to remain silent" in response to his *Miranda* rights has been held not so severe as to require reversal. See *Burroughs v. State*, 528 P.2d 714 (Okl.Cr.1974). This Court has held such an error must be preserved by both an objection and motion for mistrial. *Runnels v. State*, 562 P.2d 932 (Okl.Cr.1977). Since the appellant never made a motion for a mistrial he has not properly preserved the issue for review on appeal. Accordingly, this assignment of error is dismissed.

■ The appellant's final assignment of error is that he was prejudiced by prosecutorial misconduct in closing argument. This argument is without merit. We have consistently held that the right of argument contemplates a liberal freedom of speech and that the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss freely from their standpoints the evidence and the inferences and deductions arising therefrom, and it is only when argument by counsel for the State is grossly improper and unwarranted upon some point which may affect the defendant's rights that a reversal can be based on improper argument. *Deason v. State*, 576 P.2d 778, 782 (Okl.Cr. 1978). We have examined the record and have found nothing prejudicial to the appellant which would warrant reversal. There-

fore, we hold this contention to be without merit.

Accordingly, the judgment and sentence appealed from is

AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

I would reverse the conviction herein on the basis of this Court's decision in *Dungan v. State*, 651 P.2d 1064 (Okl.Cr.1982), in which we held that the State is absolutely prohibited from mentioning an accused's exercise of fundamental constitutional rights.