**Daniel Paul THOMPSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–563.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Victoria K. Cochran, Legal Intern, Oklahoma City, for appellee.

**OPINION**

BRETT, Presiding Judge:

Daniel Paul Thompson, appellant, was tried by jury for the crimes of Robbery by Force in violation of 21 O.S.1981, § 791 in Case No. CRF–83–40; Robbery by Fear in violation of 21 O.S.1981, § 791 in Case No. CRF–83–39; Larceny of an Automobile in violation of 21 O.S.1981, § 1720 in Case No. CRF–83–41; and Kidnapping in violation of 21 O.S.1981, § 741 in Case No. CRF–83–43. Appellant was represented by counsel in the Adair County District Court trial. The jury returned a verdict of guilty on all counts and set punishment at seventy-five (75) years' imprisonment for Robbery by Force; twenty (20) years' imprisonment for Robbery by Fear; three (3) years' imprisonment for Larceny of an Automobile; and seven (7) years' imprisonment for Kidnapping. The trial court sentenced appellant in accordance with the jury's verdict, however, he allowed the sentences to run concurrently. From this judgment and sentence, appellant appeals to this Court.

On the evening of June 22, 1983, a man later identified as appellant came to the rural home of Gladys Kidd and asked to use the telephone. Upon entering the home, he pointed a gun at Ms. Kidd. When she attempted to escape, the assailant hit her in the face with the gun. He then forced her to lie down and taped her wrists and ankles. Thereafter, the assailant searched through Ms. Kidd's belongings. Upon finding no money, he threatened to shoot her if she did not tell him where her money was hidden. After Ms. Kidd revealed the location of her billfold, the man took $200.00 from it.

Meanwhile, a neighbor had become suspicious of the stranger and called another neighbor. The two men decided to go to Ms. Kidd's home to see if she was in trou-

ble. Vic Guthrie, the brother-in-law of one of the neighbors, accompanied the two men to check on Ms. Kidd.

After the three men knocked on the front door and called for Ms. Kidd, the assailant came to the door and forced one of them into the house at gun-point. Upon seeing the gun, the other two gentlemen attempted to escape. However, the gunman caught Mr. Guthrie and at gunpoint forced him into Mr. Guthrie's car which was parked in front of the house.

From there, Mr. Guthrie drove the gunman a few miles down the road. After threatening Mr. Guthrie several times, the gunman ordered him to stop the car. He then commanded Mr. Guthrie to hand over his wallet. After Mr. Guthrie placed the wallet on the car seat, the assailant ordered him to exit the vehicle. The gunman then drove the car away and abandoned it on a backroad. A police officer arrested appellant at a convenience store after being informed that a man matching the gunman's description was seen there. Several witnesses identified appellant as the gunman and also testified that they had seen appellant earlier that day slowly driving by Ms. Kidd's home.

■ Appellant first asserts that the convictions for Robbery by Fear and Larceny of an Automobile violate both the Oklahoma and Federal Constitutional prohibitions against double jeopardy. He argues that by taking Mr. Guthrie's car and billfold and driving away, he committed one act or one transaction which according to *Heldenbrand v. Mills*, 476 P.2d 375 (Okl. Cr.1970) cannot be used to support a series of criminal charges. However, we find *Stohler v. State ex rel. Lamm*, 696 P.2d 1038 (Okl.Cr.1985), to be dispositive of this issue. In *Stohler*, we followed *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932), and stated:

[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

The Supreme Court has further clarified this test by holding that "[i]f each [statutory provision] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Brown v. Ohio*, 431 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). There is no doubt that the two offenses complained of require proof of additional facts. The robbery charge requires a showing that the wrongful taking of another's personal property was accomplished by means of fear. *See*, 21 O.S.1981, § 791. The larceny charge requires proof that the property stolen was an automobile and does not require proof of the means of accomplishing the taking. *See*, 21 O.S.1981, § 1720.

Furthermore, the jury could have based its guilty verdict in regards to the robbery charge wholly on the fact that the gunman forced Mr. Guthrie to give him the wallet while both men were sitting in the vehicle. Under this scenario, the robbery conviction had nothing to do with appellant forcing Mr. Guthrie out of the car and driving away in it. Therefore, the two convictions were the result of two separate offenses since each statutory provision required proof of an additional fact which the other did not. This assignment of error is without merit.

■ Appellant contends in his second proposition of error that improper comments made by counsel for the State in closing argument deprived appellant of a fair trial and resulted in an excessive sentence. He argues that the comments elicited sympathy for the victims and pressured the jury into considering public opinion in regard to their verdict. We first note that appellant failed to preserve the error by failing to timely object to any of the comments at trial. However, even on the merits, appellant's contention is unfounded. We have consistently held that a reversal on the ground of improper argument is justified only when comments by counsel for the State are grossly improper and unwarranted upon some point which may affect appellant's rights. *Hartsfield v. State*, 722 P.2d 717 (Okl.Cr.1986). We find

no comments that rise to this level of impropriety, and in view of the overwhelming evidence of guilt, we find that appellant was not denied a fair trial.

█ In regard to the excessiveness of the sentence, we find that the comments were not so prejudicial as to warrant a modification of appellant's sentence. It is well settled that this Court will not modify a sentence unless upon considering all the facts and circumstances, we can conscientiously say that the sentence is so excessive as to shock the conscience of this Court. *Lovelace v. State*, 715 P.2d 481 (Okl.Cr.1986). The statute under which appellant was sentenced provides for no maximum penalty. *See*, 21 O.S.1981, § 798. Therefore, the punishment imposed is well within the range established by statute and we cannot say that it shocks the conscience of this Court. This assignment of error is without merit.

█ For his final assignment of error, appellant asserts that he was deprived of his due process rights when the trial court failed to instruct on the lesser-included offense of molesting an automobile set forth in 21 O.S.1981, § 1787. Appellant mistakenly relies on *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) as support for his assertion. This case deals primarily with the right of a capital offense defendant to a lesser included noncapital offense instruction and is distinguishable on this ground.

Furthermore, this Court has long held that an instruction on a lesser-included offense is only necessary when there is evidence to prove that such lesser-included offense was committed. *Funkhouser v. State*, 721 P.2d 423 (Okl.Cr.1986). Testimony showed that appellant did "drive [the] automobile, for ... any other purpose ... without the consent of the owner," 21 O.S. 1981, § 1787, and, therefore evidence that the lesser offense was committed was offered. However, this Court has held that Section 1787 is not a lesser-included offense of Section 1720, the statute under which appellant was convicted. *Tillman v. State*, 82 Okl.Cr. 276, 169 P.2d 223 (1946).

*See also Smith v. State*, 544 P.2d 558 (Okl. Cr.1975).

Therefore, we find that the trial court did not err in failing to instruct the jury on the molesting of an automobile offense. The assignment of error is without merit.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., concurs in result.

PARKS, Judge, concurring in results:

I address only the issue of prosecutorial misconduct. While I must agree that the improper comments in this case do not rise to the level of fundamental error requiring reversal, I cannot allow such comments to go unnoticed.

During closing arguments, the prosecutor made direct comments about the conscience of the community, and played on the jury's emotions with comments amounting to societal alarm. Comments of this sort are impermissible as they channel the jury's attention away from the basic duty of determining guilt or innocence. *Womble v. State*, 663 P.2d 747, 749 (Okla.Crim. App.1983). However, defense counsel failed to object to these comments. Therefore, this Court may review only for fundamental error and because I agree that these comments do not constitute fundamental error, I concur in the result reached.