**Jimmie Dean STOHLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–371.**

Court of Criminal Appeals of Oklahoma.

March 16, 1988.
Rehearing Denied May 6, 1988.

Tom R. Gann, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jimmie Dean Stohler, was convicted in the District Court of Tulsa County, Case No. CRF–82–1067 of First Degree Murder, and was sentenced to life imprisonment. He appeals raising nine assignments of error.

Briefly stated, on January 21, 1982, at about 10:45 p.m. Michelle Powers was shot with a crossbow bolt in the parking lot of her apartment complex in Tulsa, Oklahoma. On January 27, 1982 she died from the wounds that she received. After his surrender to authorities the appellant admitted in a videotaped interview that he plotted the murder, obtained the weapon, and arranged for another person to do the killing. Other testimony, including evidence of admissions the appellant made to others, corroborated his confession.

In his first two assignments of error the appellant reurges issues previously presented to and decided by this Court in *Stohler v. State*, 696 P.2d 1038 (Okl.Cr. 1985). As these issues were decided at that time, we decline to address them again.

■ The appellant next argues that he was denied his right to a speedy trial as he was incarcerated in the Tulsa County Jail for a little over three years before he was convicted of Murder in the First Degree. The record reveals that although the case was set for trial more than thirty times, in nearly half of those times the record specifically states that the case was continued at the appellant's request, two times the record shows that the case was continued by agreement, and only one time, June 12, 1985, does the record reveal that the case was continued over the objection of the appellant. The trial was begun September

16, 1985. In *McDuffie v. State*, 651 P.2d 1055 (Okl.Cr.1982), we stated:

> The established test in this State for determining whether a defendant has been deprived of his right to a speedy trial consists of a balancing of four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to a speedy trial; and 4) the prejudice to the defendant arising out of the delay. *Blades v. State*, 619 P.2d 875 (Okl.Cr.1979); *Bauhaus v. State*, 532 P.2d 434 (Okl.Cr.1975); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

As a substantial number of the delays were at the request of the appellant, and the record reveals only one objection to delay, we cannot find that the appellant timely asserted his right to a speedy trial up until June 12, 1985. Furthermore, the appellant does not state how he was prejudiced by this delay, nor does the record reflect that any prejudice resulted.

■ As a subproposition, the appellant argues that he was not physically present to affirmatively waive or exercise his right to a speedy trial during the times that the trial was continued. The attorney who represented the appellant on appeal is the same attorney who represented him during trial. He now argues that the physical presence of the appellant at the times his case was continued was a personal right and cannot be waived by counsel, and that the failure of the Court to make such a personal inquiry constitutes reversible error. Such an argument is utterly meritless. A district court need not get an express waiver on the record for every trial conference which a defendant may have a right to attend. *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). Counsel has not called our attention to any portion of the record which would reveal that the appellant was dissatisfied with the performance of his trial counsel. Nor do we find any request by appellant that another attorney represent him during the appeal process. This Court has allowed attorneys to waive more substantial issues than the continuance of trials without consultation with clients. *See*

*Tucker v. State*, 620 P.2d 1314 (Okl.Cr. 1980). Given these facts, we find that the appellant waived his right to be present, waived his right to a speedy trial, and has failed to demonstrate any prejudice arising from the delays.

■ The appellant as his fourth assignment of error claims that his motion for a change of venue should have been granted due to the pretrial publicity. However, he fails to support his claim by referring us to the record, or citing any authority. An appellant must present in his argument supporting citations to authorities, statutes and parts of the record. 22 O.S.1981, ch. 18, App.—Rules of the Court of Criminal Appeals, Rule 3.5(A)(5). Therefore, we will review the record only for fundamental error. *See Brannon v. State*, 670 P.2d 601 (Okl.Cr.1983). The record reveals that the appellant only used six of his nine peremptory challenges, and therefore cannot claim that the jury which was seated in his case had such fixed opinions that he did not receive a fair trial. Finding no fundamental error, this assignment of error is meritless.

■ In the appellant's next two assignments of error he complains that a videotaped confession should have been suppressed because he was wrongfully induced to give it by promises of leniency if he cooperated with State officials. A pretrial hearing was held, and witnesses testified concerning what took place surrounding the appellant's surrender to authorities and his videotaped confession. Before the appellant, who was a former police officer, was questioned, he was informed of his rights, and he had his attorney present during the questioning. After hearing the testimony and reviewing the videotape, the trial court denied the appellant's motion to suppress. This Court has consistently held that "it will not disturb the trial court's ruling permitting the introduction of a confession if supported by sufficient evidence that the appellant knowingly and intelligently waived his rights and understood the consequence of this waiver." *Chatham v. State*, 712 P.2d 69, 71 (Okl.Cr.1986).

We find that the evidence was sufficient to support the court's ruling, and we will not disturb its finding.

The appellant also claims that his trial counsel should have been allowed to use the transcript of the Grand Jury testimony to impeach the trial testimony of the district attorney. The district attorney testified that he had informed defense counsel before the appellant had surrendered to authorities that any leniency would have to be earned and that if the appellant surrendered, the district attorney would not ask for the death penalty. The record reveals that the prosecution did not ask for the death penalty. Defense counsel wished to use the Grand Jury testimony to show alleged inconsistencies, but the trial court ruled that the testimony defense counsel wished to enter in evidence was remote in time and misleading, and it excluded the evidence. In the appellant's brief, he refers us to the trial transcript where he made an offer of proof by citing pages of the Grand Jury transcript. But the appellant failed to make the pages cited a part of the record at that time, and he has also failed to make the cited portions of transcript a part of the record on appeal. Defense counsel has a duty to insure that a sufficient record is provided this Court to determine the issues raised. *Dollar v. State*, 674 P.2d 48 (Okl.Cr.1984). As admissiblility of evidence is within the trial court's discretion, and failing to find any abuse of that discretion under these circumstances, we find these two assignments of error have no merit. *See Ozbun v. State*, 659 P.2d 954 (Okl.Cr.1983).

██ The appellant's seventh assignment of error maintains that the trial court should have suppressed evidence of an inculpatory statement to news reporters outside of a courtroom where the appellant was appearing on his conspiracy to commit murder charge. During that time the appellant was taken to a jail elevator, and while waiting for it to arrive he was asked if he believed that the victim had deserved to die. The appellant replied, "I wouldn't have done it otherwise." The appellant argues that he is entitled to a reasonable amount of protection by the authorities to avoid being directly confronted by and subjected to members of the news media. Although he claims that such a situation is contrary to the laws of Oklahoma and the United States Constitution, he does not cite any cases or other authority. Therefore, we will review the record for fundamental error only. *See Brannon.* The record reveals that the appellant only had to wait about a minute for the elevator. The appellant replied to one of the reporters' questions, and the jailer told him to be quiet. When the reporters continued to question, the jailer stepped in front of the appellant and told him, "I wouldn't say nothing to them, if you don't want to." The appellant replied that he could say anything that he wanted to, and he then made the inculpatory statement in response to a reporter's question. We find no error in admitting the statement as credible evidence was presented of its voluntariness. Admissibility of evidence is within the trial court's discretion and its ruling will not be disturbed absent a clear showing of abuse resulting in prejudice to the accused. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979).

The appellant's eighth assignment of error asserts that the trial court improperly excluded testimony and records concerning the victim's character and behavior. Again the appellant cites no authority, and so we will review for fundamental error only. *See Brannon.* Reviewing the record,[1] we agree with the trial court that the evidence which the appellant desired to present was irrelevant. Finding no fundamental error, this assignment of error is without merit.

██ In his final assignment of error the appellant maintains that the trial court

---

1. During the trial the appellant made an offer of proof that the victim had abused her son, who was also the son of his former police partner, Robert Doss. Appellant wished to show how much anguish the victim had caused Doss beginning in 1978. When asked by the trial judge why he thought this evidence was admissible, defense counsel was unable to convince the judge of a reason for its admission. We fail to see any reason why this evidence would have been admissible.

erred by refusing to instruct on solicitation to commit murder. He argues that solicitation is a lesser included offense of first degree murder. Again the appellant cites no authority for his argument. When the same act violates two or more separate statutes, whether or not one of those violations constitutes a lesser included offense is determined by the following test. If each offense requires proof of some fact or element which the other does not require, then the offenses are separate. *Wilson v. State*, 649 P.2d 784 (Okl.Cr.1982). A comparison of the statutes clearly reveals that a solicitation is not necessary to commit murder in the first degree, and a death is not necessary to commit the offense of solicitation for murder. *Compare* 21 O.S. 1981, § 701.7[2] to § 701.16.[3] "The courts have no power to submit an instruction to a jury authorizing them to convict a defendant of any offense unless it is necessarily included in the offense with which he is charged in the information." *Lovick v. State*, 646 P.2d 1296, 1298 (Okl.Cr.1982). Therefore it was not error for the trial court to refuse to instruct on solicitation.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I respectfully dissent for the reasons given in my dissenting opinion in *Stohler v. State*, 696 P.2d 1038, 1041 (Okl.Cr.1985).

---

**2.** Title 21 O.S.1981, § 701.7(a) provides:

A person commits murder in the first degree when he unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof.

**3.** Title 21 O.S.1981, § 701.16 in pertinent part provides:

In shall be unlawful for any person or agent of that person to solicit another person or persons to cause the death of a human being by the act of murder in the first degree as is defined by Title 21 O.S., Section 701.7.