**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN TYRONE SCOTT,

   Petitioner - Appellant,

  v.

DAVID PARKER,

   Respondent - Appellee.

No. 08-7118
(D. Ct. No. 6:08-CV-00287-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian Tyrone Scott, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his habeas petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). The district court determined that the petition was barred by the statute of limitations. We take jurisdiction under 28

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1291, DENY Mr. Scott's request for a COA, and DISMISS this appeal.

## I.  BACKGROUND

After Mr. Scott assaulted his wife at their home in Henryetta, Oklahoma, the state charged him by information with the following nine counts: (1) first degree burglary under Okla. Stat. Ann. tit. 21, § 1431; (2) forcible sodomy under Okla. Stat. Ann. tit. 21, § 888; (3) assault and battery with a deadly weapon (knife) under Okla. Stat. Ann. tit. 21, § 652; (4) larceny of an automobile under Okla. Stat. Ann. tit. 21, § 1720; (5) assault and battery on a police officer under Okla. Stat. Ann. tit. 21, § 649(B); (6) malicious injury to property under Okla. Stat. Ann. tit. 21, § 1760; (7) assault with a dangerous weapon under Okla. Stat. Ann. tit. 21, § 643; (8) rape by instrumentation under Okla. Stat. Ann. tit. 21, § 111.1; and (9) kidnapping under Okla. Stat. Ann. tit. 21, § 741.  Mr. Scott went to trial and was convicted of seven counts.  Relevant to this proceeding, the judgment and sentence stated that the jury had found him guilty of count three, assault and battery with a deadly weapon under Okla. Stat. Ann. tit. 21, § 652; and count four, larceny of an automobile under Okla. Stat. Ann. tit. 21, § 1720.

On direct appeal, Mr. Scott noted that the judgment and sentence contained a "scrivener's error" regarding counts three and four and sought to have the error corrected. Mr. Scott explained:

> The trial court instructed the jury on the offenses of assault and battery with a dangerous weapon (Count 3) and unauthorized use of a motor vehicle

(Count 4).[1]  However, the Judgment and Sentence list [sic] count 3 as assault and battery with a deadly weapon, while count 4 is listed as larceny of an automobile.  Appellant would contend that this is a scrivener's error.  Therefore, this Court should order that the Judgment and Sentences be modified to correctly state the judgments in this case.

On August 15, 2002, the Oklahoma Court of Criminal Appeals ("OCCA") remanded the case to the trial court with instructions to "enter an Order nunc pro tunc reflecting that Scott was convicted of Count III, Assault and Battery with a Dangerous Weapon . . . and Count IV, Unauthorized Use of a Motor Vehicle."

For reasons that are not apparent from the record, the trial court did not enter the appropriate amended judgment and sentence until February 1, 2005.  Mr. Scott filed this § 2254 petition on July 30, 2008, arguing that the counts charged in the information differed from the ones in the amended judgment and sentence.  The district court held the petition was untimely, as it was made more than one year after his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).

## II.  DISCUSSION

A habeas petitioner may not appeal from the denial of his § 2254 petition without first obtaining a COA.  28 U.S.C. § 2253(c)(1).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  When, as here, the district court denies a petitioner's claim on procedural grounds, the

---

[1]Contrary to Mr. Scott's assertion to this court, in Oklahoma assault and battery with a dangerous weapon is a lesser-included offense of assault and battery with a deadly weapon, *see Robinson v. State*, 574 P.2d 1069, 1070 (Okla. Crim. App. 1978), and unauthorized use of a motor vehicle is a lesser-included offense of larceny of an automobile, *see Smith v. State*, 544 P.2d 558, 560 (Okla. Crim. App. 1975).

petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A one-year statute of limitations governs § 2254 petitions. 28 U.S.C. § 2244(d)(1). In this case, the period began to run once Mr. Scott's conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The district court reasoned that because the OCCA filed its decision on direct appeal on August 15, 2002, Mr. Scott's conviction became final upon expiration of the ninety-day period to seek a writ of certiorari from the United States Supreme Court—November 13, 2002. Thus, Mr. Scott had until November 13, 2003 to file his habeas petition, rendering his July 2008 filing untimely.

In his application for a COA, Mr. Scott contends that the issue he raises in his habeas petition (the difference between the charges in the information and the offenses of conviction) did not exist until February 1, 2005—the date the trial court entered its amended judgment and sentence. Mr. Scott's habeas petition is untimely, however, even if we agree with him on this point.

Assuming February 1, 2005 is the proper starting date, Mr. Scott had ninety days to appeal the judgment and sentence to the OCCA. *See* Okla. Stat. Ann. tit. 22, § 1054(A). Thus, the judgment and sentence became "final" under § 2244(d)(1)(A) on approximately May 3, 2005, and Mr. Scott had one year from then to file his habeas

petition.

On January 30, 2006, approximately eight months into the one-year limitations period, Mr. Scott filed a petition for a writ of habeas corpus in Oklahoma state court. This tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The application was denied, and on April 5, 2006, the OCCA affirmed that decision. Thus, the limitations period began again on that date, with approximately four months left for Mr. Scott to file a federal habeas petition.

Mr. Scott filed his § 2254 petition on July 30, 2008, which is nearly two years beyond the applicable timeframe. Accordingly, even if we agree with Mr. Scott that the limitations period did not begin until the February 1, 2005 amended judgment and sentence became final, his federal habeas petition is still untimely.

### III. CONCLUSION

Reasonable jurists could not debate that Mr. Scott's petition was filed past the statute of limitations. We therefore DENY a COA and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge