Joe JOHNSON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-214.

Court of Criminal Appeals of Oklahoma.

June 29, 1979.

Howard W. Conyers, Mattingly, Dawson & Conyers, Seminole, for appellant,

Larry Derryberry, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Joe Johnson, Jr., was tried and convicted of Murder in the First Degree in a two-stage proceeding in the District Court, Seminole County. Punishment was assessed at life imprisonment, and from that judgment and sentence appellant has perfected this appeal.

On March 1, 1977, Undersheriff Gene Coats investigated an abused animal complaint, and during his investigation discovered the body of W. A. Woody Streater. The deceased had been shot in the chest by a 16 gauge shotgun slug. The appellant was questioned in the early evening hours of April 29, 1977, and implicated another party as the possible assailant. Upon finding these allegations to be unfounded, the appellant was again questioned and admitted shooting the deceased through the door of deceased's one room home. The appellant repeated his confession on May 3, 1977, and also took investigators to a location near the crime scene where he unearthed a billfold taken from the body. At trial, the appellant denied having voluntarily confessed and stated he had not shot the victim but had been at home on the night of the murder. He further testified he knew where the victim's billfold was buried because he had seen an individual burying it sometime after the crime. The State also introduced the appellant's 16 gauge shotgun into evidence.

The appellant's first assignment of error is that the trial court erred in failing to sustain his request for a mistrial after the following outburst during voir dire:

"(BY THE SPECTATOR) That was my brother that he killed and he (interrupted)

"BY THE COURT: Just a minute.

"(BY THE SPECTATOR): knew my brother (interrupted)

"BY THE COURT: Just a minute.

"(BY THE SPECTATOR) . . . before he (interrupted)

"BY THE COURT: Just a minute.

"(At this time, the Court rapped the gavel on the bench for order.)

"(BY THE SPECTATOR) . . . took the gun and he (interrupted)

"BY THE COURT: Ma'am!

"(At this time, the Court again rapped for order.)

"BY THE COURT: Mr. Bailiff, would you escort this lady to the bench?"

The appellant and the State both cite *Cooper v. State*, Okl.Cr., 524 P.2d 793 (1974), in support of their positions. Although the outburst in that case was directed at a statement made by a witness, we feel that the same considerations therein discussed are pertinent. This Court, speaking through Judge Bussey, stated:

"An analogy can be made between the outburst complained of in the instant case, and the improper testimony in *Kitchens v. State*, Okl.Cr., 513 P.2d 1300 (1973), where this Court held that 'the court's admonition to the jury not to consider the remarks of counsel or a witness usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict.' See also *McDaniel v. State*, Okl.Cr., 509 P.2d 675 (1973)."

The trial court was not requested to, nor did it immediately, admonish the jurors to disregard the spectator's remarks. However, after an in camera hearing, the trial court issued the following admonition:

"BY THE COURT: Let the record show the defendant is present, the parties are here and the jury is in the box. Ladies and Gentlemen, you will be admonished to disregard anything that you may have heard in the courtroom as far as evidence is concerned that does not come from this witness stand. Any remarks that have been made in the courtroom, you will be admonished and directed to disregard and not to consider that as evidence in this case and I would ask each of you to

consider this question. Have any of you been prejudiced by any remarks that have been made from spectators or other persons outside the hearing of this Court? Let the record show negative by silence. All right, we will continue with the selection of the jury. State's second challenge."

Since a proper admonishment was given and considering the evidence presented at trial, this Court is convinced that the verdict rendered in this case was not a product of prejudice. We also note that appellant failed to establish on voir dire examination of potential jurors that any prejudice existed among the jury members or that he was in fact injured by such prejudice. See *Roberson v. State*, Okl.Cr., 456 P.2d 595 (1968); *Wagers v. State*, Okl.Cr., 370 P.2d 567 (1962). For this reason we find this assignment of error to be without merit.

 In the appellant's second and third assignments of error, it is contended that the prosecutor made prejudicial remarks in closing argument. First, we note that no objection was made to either comment complained of on appeal. This Court recently reaffirmed its position on this issue in *Shelton v. State*, Okl.Cr., 583 P.2d 1107, 1111 (1978), stating:

"    .    .    We have consistently held that when this is not done (timely objection), defendant is deemed to have waived any objection unless the remarks are so fundamentally prejudicial that the trial court cannot correct the error by instruction to the jury. See *Bauhaus v. State*, Okl.Cr., 532 P.2d 434 (1975)."

After a review of the complained of remarks, we do not feel this case is so close or the remarks so prejudicial as to be fundamentally prejudicial to the appellant. We would, however, caution prosecutors that whenever they indulge in improper remarks they are flirting with error that could result in the necessity and cost of a new trial. Even in cases such as here, where the evidence is clearly sufficient to convict, prosecutors seem unable to resist one more twist of the screw. This subliminal urge to go in for the kill is unfair to a defendant, and often comes dangerously close to reversible error.

The appellant, in his final assignment of error, asserts it was error to allow certain black and white pictures of the victim into evidence. In the recent cases of *Bills v. State*, Okl.Cr., 585 P.2d 1366 (1978), and *Riggle v. State*, Okl.Cr., 585 P.2d 1382 (1978), we reasserted our position that if the pictures sought to be introduced have probative value and are not introduced solely to inflame and prejudice the jury, we will not find their introduction to be an abuse of the trial court's discretion. In the instant case, the pictures accurately depict the scene of the murder and the position and condition of the victim's body, which corroborated the testimony of State's witnesses. Only State's exhibit No. 9 is not clearly within the above guidelines. We, however, do feel this picture had probative value for the reason it accurately depicted the entry wound. For this reason we find this assignment of error to be without merit.

Finding no error that would warrant modification or reversal, the judgment and sentence is *AFFIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.