**Norman Calvin BASS Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–380.**

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1987.

Rehearing Denied April 1, 1987.

Benjamin Stockwell, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Norman Calvin Bass, Jr., was convicted in the District Court of Cleveland County, Case No. CRF–83–54 for the offense of Robbery by Fear. He was sentenced to eight (8) years imprisonment. We reverse the judgment and sentence of the District Court.

Our reversal of this conviction is predicated on appellant's first assignment of error, in which he contends that the jury selection in this case was improper and denied him the right to be tried by a fair and impartial jury. The facts relating to this issue are as follows: During voir dire, a list of the State's witnesses was read from the Information, and defense counsel asked veniremen whether they knew any of the person on that list. The panel, including veniremen Christopher Kelsey, gave a negative response. After the jury was selected, sworn, and following opening state-

ment, Kelsey realized he did know one of the witnesses, and made the following statement to the Court:

> JUROR: Jim Strider is my sister's fiance. I didn't recognize the name if and when it was read off. I remember him describing the incident in a very sketchy outline right after it happened, and I can't tell you how sorry I am.
>
> THE COURT: Who?
>
> JUROR: Jim Strider, James Strider, the man, the motorcyclist.
>
> THE COURT: Okay. Is there anything in that that causes you any difficulty in being fair and impartial?
>
> JUROR: Well, I, you know, I don't think so. But he did mention it to my parents who told me about the incident. He didn't—I didn't get any details or anything.
>
> THE COURT: Is there anything that causes you to be unable to sit fairly and impartially?
>
> JUROR: No.
>
> THE COURT: Okay. I appreciate you bringing that to our attention. I'm certain counsel will now want to make a record. You may approach the bench both counsel."

Immediately following this unfortunate occurrence, defense counsel moved for a mistrial, which was denied.

Appellant raises two arguments in support of this assignment of error. *First,* he claims the trial court erred in refusing to excuse the juror for cause pursuant to 22 O.S.1981, §§ 653 and 659. *Second,* he claims that the procedure in this case deprived him the right to intelligently exercise his peremptory challenges to the venireman, and thus denied him a fair trial. *See Tibbetts v. State,* 698 P.2d 942 (Okl.Cr. 1985).

■ We reject appellant's first theory. Regarding challenges for cause, as defined by 22 O.S.1981, § 659, we have repeatedly held that the qualification of a juror is a question to be addressed by the trial court in the exercise of its sound discretion. *See Murphy v. State,* 72 Okl.Cr. 1, 112 P.2d 438 (1941). *See also Bewley v. State,* 695 P.2d

1357 (Okl.Cr.1985). In a case such as this, in which the juror stated that, though acquainted with the witness, it would not effect his ability to be fair and impartial, we cannot say the trial court abused its discretion in refusing to excuse the juror for cause. *Cf. Saugstad v. State,* 642 P.2d 616 (Okl.Cr.1982).

■ However, we agree with appellant's second theory. Part and parcel of the jury selection process is the right of either party to exercise a peremptory challenge. 22 O.S.1981, § 654. This challenge is one "for which no reason need be given, but upon which the court must excuse him." *Id. See, e.g., Lee v. State,* 637 P.2d 879 (Okl.Cr.1981). Depriving counsel of information that could lead to the intelligent exercise of a peremptory challenge is a denial of an appellant's right to a fair and impartial jury. *Tibbetts v. State,* 698 P.2d at 946–47. We feel that our statement in *Manuel v. State,* 541 P.2d 233, 236–7 (Okl. Cr.1975), adequately addresses our position on this issue:

> [W]e are of the opinion that the nonfeasance of at least the veniremen and most probably the prosecution in failing to inform the defense counsel of the situation was not commensurate with principles of fundamental fairness. We recognize that in other voir dire examination Mr. Cunningham indicated that he was of the opinion that he could sit as a fair and impartial juror, and that the record before us does not establish that he failed to do so. In *Thompson v. State,* Okl.Cr., 519 P.2d 538, 541 (1974), we stated that:
>
> > "... [T]his Court has repeatedly held that it is not error alone that reverses judgments of convictions of crime in this State, but error plus injury, and the burden is upon the appellant to establish to the appellate court the fact that he was prejudiced in his substantial rights by the commission of error, ..."
>
> However, since defense counsel was not informed of the relationship after he had manifested his interest therein by specif-

ic interrogatories incorporated into a more general examination at a time when the veniremen and most probably the prosecution were knowledgeable thereof, he was effectively deprived of an opportunity to fully explore this area as a potential foundation for a challenge for cause. Additionally, the defendant was at the very least deprived of knowledge upon which he could intelligently exercise a peremptory challenge, for we do not doubt that any defense attorney would so challenge a prospective juror with such a kinship to an employee of his adversary when, as here, circumstances otherwise permit.

While we are therefore left to speculate upon whether the defendant was prejudiced thereby, we recognize that the relationship itself approached being a basis for challenge for cause. In *Thompson, supra,* we held in part that a juror who was the brother of a deputy sheriff serving as a witness in chief for the State was subject to challenge for cause because of his close relationship with the deputy sheriff. Also, in *Scrivener v. State,* 63 Okl.Cr. 418, 75 P.2d 1154 (1938), we held that all doubts regarding juror impartiality must be resolved in favor of the accused. In view of the foregoing, we are of the opinion that the defendant was effectively denied full enjoyment of his right to conduct voir dire examination of this venireman as a possible basis for challenge for cause, and deprived of information upon which to intelligently exercise a peremptory challenge against him.

■ In this case, appellant was charged with robbing a drug store in Norman. All of the evidence presented against the accused was circumstantial. However, Strider's testimony provided the greatest detail in the discription of the robber and the getaway car. We therefore find the principles announced in *Manuel* and *Tibbetts* to be applicable to this case, and find that this cause should be reversed and remanded for a new trial.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED.

BRETT, P.J., and BUSSEY, J., concur.