**Raymond Lee CARTER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-85-241.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1988.

---

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Raymond Lee Carter, appellant, was tried by jury and convicted of two counts of Kidnapping (21 O.S.1981, § 741), After Former Conviction of Two or More Felonies (21 O.S.1981, § 51(B)), in Case No. CRF-84-2920, in the District Court of Oklahoma County, the Honorable William R. Saied, District Judge, presiding. The jury assessed punishment at thirty-five (35) years imprisonment for each count. Judgments and sentences were imposed in accordance with the jury's verdict, the sentences to run concurrently. We reverse.

Appellant asserts Kidnapping is a specific intent crime and the State failed to prove beyond a reasonable doubt the essential element of secret confinement under Section 741(1). We disagree. Appellant was not charged by information with violating

Section 741(1); rather, he was charged with violating Section 741(3). We, therefore, review the sufficiency of the evidence under Section 741(3) and find a substantial violation of a constitutional right.

Viewing the evidence in the light most favorable to the State, as required by *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim.App.1985), the facts relevant to this issue are as follows. On the evening of April 19, 1984, three girls, two of whom were 14 years old and the other 11, went to a laundromat at South Agnew and 26th Street in Oklahoma City. Two of the girls, T.D. and R.M., walked to a convenience store, where they bought gum and played jacks outside the store. In the meantime, appellant, who had been drinking wine and beer, became ill at a nearby restaurant and went outside to vomit. Appellant then staggered through the laundromat, where the first girl saw him exit through the door nearest the convenience store where the other two girls played. Appellant grabbed T.D. and R.M. by the hair and, holding them at arms length, forced them to accompany him down the street on foot. R.M. testified that appellant held a knife to her but she did not see the knife, nor did the other girl. When arrested, appellant did not possess a knife.

Appellant and the girls walked across a yard and down 27th Street and a patrol car passed them. The officer thought appellant and the two girls were acting strangely and circled back, at which time appellant released the girls and ran away. The two girls ran to the police car and told the officer that the man had a knife. The officer broadcast a description of the appellant, who was captured within five minutes while trying to climb a fence.

The State charged appellant by information in Count 1 with "wilfully, forcibly and without lawful authority kidnapped [T.D.] by seizing and confining her with the intent to cause [T.D.] *to be held to service against her will*, contrary to the provisions of Section 741 of Title 21 of the Oklahoma statutes...." In Count 2 of the information, the State charged appellant "with intent to cause [R.M.] *to be held to service against her will*...." (emphasis added) [O.R. 1]

Title 21 O.S.1981, § 741, provides:

Every person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, *with intent,* either: (emphasis added)

First: To cause such other person to be secretly confined or imprisoned in this state against his will; or,

Second: To cause such other person to be sent out of this state against his will; or,

Third: To cause such person to be sold as a slave or *in any way held to service against his will,* is punishable by imprisonment in the penitentiary not exceeding ten (10) years. Upon trial for a violation of this section, the consent thereto of the person kidnapped or confined, shall not be a defense, unless it appears satisfactorily to the jury, that such person was above the age of twelve (12) years, and that such consent was not extorted by threat, or by duress. (emphasis added)

▆▆▆▆ The Due Process Clause requires the State to prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the accused] is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). Here, the State charged appellant by information with kidnapping under Section 741(3), that he held these children to service against their will. The information contained the elements of the crime charged and apprised appellant of what he must be prepared to meet. *Allen v. State*, 734 P.2d 1304, 1306 (Okla.Crim.App.1987); *Simmons v. State*, 549 P.2d 111, 118 (Okla. Crim.App.1976). Although the trial court instructed the jury on secret confinement under 21 O.S.1981, § 741(1), this is a separate offense, not a lesser included offense under Section 741(3), because the crime of kidnapping by "secret confinement" contains elements not found within the offense charged of kidnapping by holding "to service against his will." *See Trevino v. State*, 737 P.2d 575, 577 (Okla.Crim.App. 1987). The State did not amend the infor-

mation to allege kidnapping by "secret confinement" under Section 741(1) after the trial commenced. *See Simmons*, at 122. Because the information failed to allege kidnapping by secret confinement, the trial court was without jurisdiction to so instruct. *See Smith v. State*, 572 P.2d 262, 265 (Okla.Crim.App.1977). In the instant case, appellant forced the two girls to accompany him down a public street while holding them by the hair. The State failed to produce one scintilla of evidence, either direct or circumstantial, that appellant held these children to service against their will. The State has, therefore, failed to prove beyond a reasonable doubt an essential element of the crime charged.

▆ The dissent urges that 22 O.S.1981, § 1067, controls and there should be no instruction to dismiss. The Constitution controls over conflicting statutory authority. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). The Double Jeopardy Clause of the Fifth Amendment precludes a second trial once a reviewing court finds the evidence legally insufficient and the only just remedy available is a direction of a judgment of acquital. *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978). Moreover, thirty-five years before *Burks*, this Court recognized the principle that when a case is reversed on the ground of insufficient evidence and the accused cannot be retried as a matter of law, directions should be given to discharge the defendant. *See Anderson v. State*, 76 Okl.Cr. 260, 137 P.2d 254, 257 (1943); 22 O.S.1981, § 1067. We find 22 O.S.1981, § 1067, does not control in this case and appellant should not be returned and delivered over to the jailer of the county.

Therefore, the appellant's judgments and sentences for two counts of kidnapping under 21 O.S.1981, § 741(3), are REVERSED and REMANDED with instructions to DISMISS.

BRETT, P.J., concurs.

BUSSEY, J., concurs in part, dissents in part.

BUSSEY, Judge, concurring in part/dissenting in part.

While I agree that this conviction must be reversed, I cannot join in the majority's ultimate disposition of this case. Judge Parks is correct in pointing out that the information charged appellant under 21 O.S.1981, § 741(3): intent to hold a person to service against his will. The information was not amended, and that was the charge read to the jury in the State's opening statement. This is a specific intent crime, and that element must be proved by the State. I must agree that the record does not support finding this element.

However, the jury was instructed under § 741(1): intent to secretly confine. Defense counsel affirmatively accepted those instructions at trial. The State did not prove the crime charged in the information, but it did prove the case set out in the instructions. The record shows that appellant grabbed two young girls by the hair in a manner that prevented them from seeing or identifying his face. He forced them to accompany him across the street and began walking along Agnew Avenue, a four lane street with businesses on both sides. As a police officer drove past, he suspected foul play and turned back to investigate. Appellant and the girls were nowhere to be seen. Appellant took the girls behind a restaurant and through a wood lot. His path was taking the girls away from the business district where they could have availed themselves of help. The police officer, who was still searching, finally spotted them behind the restaurant as he drove along a side street. Appellant told the girls to keep quiet. When the officer turned around this time, appellant was taking the girls down the side street. Appellant released the girls and ran when the officer shined his lights on them.

These facts clearly show that appellant, "without lawful authority, forcibly seize[d] and confine[d] another, or inveigle[d] or kidnap[ped] another;" and the attendant circumstances of concealing his identity and removing the girls from access to help show his intent "[t]o cause such other person to be secretly confined ... within this

state." The jury acted properly in returning a verdict of guilty under the instructions given.

The problem in this case is that appellant was convicted of a crime other than the one with which he was charged. Thus, he was denied his right to due process. *Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979). The result in this case is controlled by 22 O.S.1981, § 1067:

> ... [I]f it appears that the defendant is guilty of an offense although defectively charged in the indictment, the [Court of Criminal Appeals] must direct the prisoner to be returned and delivered over to the jailer of the proper county, there to abide the order of the court in which he was convicted.

The import of the language is quite clear—there should be no instructions to dismiss. The statute requires that appellant be returned to Oklahoma County to remain in the custody of the Sheriff pending the filing of the appropriate charge, or until he is discharged by the making of bail, or otherwise, as provided by law. *See, Minter v. State*, 75 Okl.Cr. 133, 129 P.2d 210, 213 (1942).

The majority's reliance upon *Anderson v. State*, 76 Okl.Cr. 260, 137 P.2d 254 (1943), is wholly misplaced. That opinion *affirmed* the conviction on remand of a defendant whose case had previously been reversed for insufficiency of the evidence. The proposition for which *Anderson* stood can no longer withstand constitutional scrutiny. However, neither should the majority attempt to use it in support of a proposition for which it never stood!

Nor does *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), lend support to the majority's position. In that case, the Supreme Court granted certiorari "to resolve the question of whether an accused may be subjected to a second trial when conviction in a prior trial was reversed by an appellate court *solely* for lack of sufficient evidence to sustain *the jury's* verdict." *Id.* at 2, 98 S.Ct. at 2143, (emphasis added). As discussed above, the jury was instructed upon kidnapping with

intent to secretly confine. The evidence was sufficient to support *the jury's* verdict. Furthermore, it is clear that the majority's opinion is not based *solely* upon a lack of sufficient evidence. Rather, it relies in part upon the due process problem which I have recognized. *Burks* does not bar a retrial in this case.

Because I can find no basis to ignore the clear language of the Supreme Court or the *mandatory* language of our statutes, I must respectfully DISSENT from the majority's instructions to dismiss this case.