**Robert Earl TURNER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–1021.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1990.

---

Lee Ann Jones Peters, Oklahoma County Public Defenders Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., A. Diane, Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

On October 14, 1987, while an inmate in the Oklahoma County Jail, Appellant grabbed a nurse and demanded that the jailers open the gates and release him from custody. When his demands were refused, he cut the woman several times on her hands and neck with a knife, which he had made out of an aluminum meal tray. He released his hostage only after being overpowered by several deputies. As a result of his actions, Appellant was charged with Assault and Battery with a Dangerous Weapon (21 O.S.1981, § 645), Attempted Escape From the County Jail (21 O.S.1981, § 444) and Kidnapping for Purposes of Extortion (21 O.S.1981, § 745).

After a trial by jury in Oklahoma County District Court, Case No. CRF–87–5972, Appellant was convicted of all three counts. He was sentenced to terms of fifty (50) years, three and one half (3½) years and seventy-five (75) years respectively on the charges. He has perfected his appeal and argues two grounds for reversal: that his three convictions for incidents arising out of the same transaction have resulted in a violation of his right to be free from double

jeopardy and that there is insufficient evidence to justify his conviction of Kidnapping for Purposes of Extortion. We disagree with each of Appellant's contentions and affirm the convictions.

■ As his first proposition of error, Appellant claims that because all the crimes charged against him occurred during a single escape attempt, prosecution of all three crimes is the equivalent of double jeopardy. Appellant properly points out that this Court has adopted two tests for use in determining whether, in fact, the prosecution for multiple offenses violates his rights against double jeopardy[1]. *See Johnson v. State*, 611 P.2d 1137 (Okl.Cr. 1980) *cert. denied* 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981). We summarized the test in *Hale v. State*, 750 P.2d 130, 137 (Okl.Cr.1988):

> First, a "same transaction test" should be applied to determine whether the various crimes should be joined in a single trial. If the various charges arose from a single criminal episode, the defendant should be protected from having to defend himself in multiple prosecutions.

> \* \* \* \* \* \*

The second test addressed in *Johnson* is known as the "same evidence test." ... [T]his test, which was set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ...

After applying both of these tests to the facts in the instant case, we come to the conclusion, as has Appellant, that there is no question that the acts giving rise to the crimes charged all occurred during the same criminal incident. Our inquiry, then, must focus upon whether the "same evidence" is relied upon to support the convictions for each count.

In *Thompson v. State*, 748 P.2d 526, 528 (Okl.Cr.1988), we held:

> The Supreme Court has further clarified this test by holding that "[i]f each [statutory provision] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, not withstanding a substantial overlap in the proof offered to establish the crimes."

We find that the test supplied by the Supreme Court in *Blockburger* answers the question at hand. Appellant seeks to convince this Court that his convictions for Kidnapping and Assault and Battery with a Dangerous Weapon must be reversed because those crimes were merely the means by which he sought to make his escape; thus, they are essential evidence in support of the Attempted Escape conviction. We disagree. While all the crimes committed by Appellant were directed toward his goal of escape, each crime other than the attempted escape requires proof of more than the elements of escape. Likewise, the completion of the other crimes is not an integral part of the crime of Attempted Escape. The jury was instructed that in order to convict Appellant for Attempted Escape, they must find that the "defendant formed the specific intent to commit the crime of Escape from County Jail" and that the "defendant performed a perpetrating act or acts toward committing the crime of Escape From County Jail, but defendant was prevented from committing that crime." O.R. 66. The evidence that Appellant demanded to be freed from the jail clearly establishes that he had the specific intent to escape from the jail. He grabbed the nurse as means to accomplish or "perpetrate" his goal. These two actions support the conviction for Attempted Escape.

In order to be convicted of Kidnapping for Purposes of Extortion, the jury had to find four essential elements: that there

---

**1.** U.S. Const. amend. V; Okla. Const. art. 2, § 21; 21 O.S.Supp.1989, § 11.

had been (1) an unlawful, (2) forcible seizure and confinement (3) of another (4) with the intent to extort a valuable thing or advantage from any person. O.R. 68. While it is true that the evidence required to prove the extortion of a "valuable thing or advantage from any person" (the opening of the jail gates) is the same evidence which proves the intent element of the escape· charge, proof that there had been a unlawful, forcible seizure and confinement of another is separate and distinct from the proof involved with the Escape conviction. This meets the *Blockburger* test.

Similarly, we find that elements of the crime of Assault and Battery with a Dangerous Weapon are not included in the proof of either of the other two offenses. Most notably, the requirement that the defendant have the intent to do bodily harm requires proof through evidence not required to establish any of the elements of either Attempted Escape form a County Jail or Kidnapping for the Purpose of Extortion. Accordingly, we find that each of the crimes charged against Appellant "requires proof of a fact that the other does not." *Id.* There is no violation of due process identified here.

 As his second and final argument, Appellant contends that there is insufficient evidence to support his conviction for Kidnapping. Specifically, he alleges that the evidence does not justify a finding that his victim was confined as required by the statute which defines the elements of Kidnapping, 21 O.S.1981, § 745.

The record before us indicates that Appellant's crimes took place in a small area of the Oklahoma County Jail. He grabbed his victim in a "choke hold" and held his homemade knife to her neck. While making demands of the jailers, he was pulling the victim down the hallway and away from the main area of that wing of the jail. Appellant claims that these events constitute only a "seizure" and not a "confinement." Although we have considered many cases involving kidnapping, we have never specifically delineated the parameters of the statutory term "confines."

In *Jenkins v. State,* 508 P.2d 660 (Okl.Cr. 1973), we affirmed a conviction for a kidnapping which occurred when the resident of an apartment interrupted an attempt to break into a drugstore below the apartment. The evidence indicated that the victim of the crime was forced to sit in a chair for a short time. She was then tied and placed into her bed. She was confined in this manner, in her own home, for about fifteen minutes. Although the defendants in *Jenkins* were not charged under 21 O.S. 1981, § 745 as in the present case, they were charged under 21 O.S.1981, § 741 which requires a finding of an intent by the accused to "secretly confine or imprison" the victim. We held:

> We cannot look into the minds of these defendants but the jury, having heard all of the evidence, may conclude that they intended to confine Mrs. Keith in a manner that would prevent her from either escaping or from making her presence known. It was not unreasonable for the jury to decide that the defendant's actions constituted secret confinement, and on review this Court will not disturb the findings of fact by the jury unless the preponderance of evidence overwhelmingly indicates to the contrary.

*Id.* at 662.

Similarly, in *Gregory v. State,* 628 P.2d 384 (Okl.Cr.1981), a prosecution brought under § 745, we were presented with a case in which prison inmates seized a guard and held him several hours in an attempt to obtain more favorable prison conditions. Although we did not directly address the question of "confinement", we affirmed the conviction for Kidnapping for Purposes of Extortion notwithstanding the fact that the guard had not been taken away from the area where he was abducted.

We find that under the facts in the present case, a kidnapping for purposes of extortion occurred. Appellant argues that without some overt asportation of the victim there can be no confinement. As is evidenced by the two decisions discussed above, we have not previously imposed

such a requirement. We are not inclined to make such a pronouncement in this case.

The term "confine" is defined as "to keep within bounds: restrict; to keep shut up: imprison; to restrict in movement." *Webster's II New Riverside University Dictionary*, 297 (1984). We find that the actions taken by Appellant toward his victim certainly constituted a restriction of her movement, to the point where she was actually imprisoned by him. She was no less confined simply because she was not removed from the jail. We find no requirement of asportation or transportation in the statute and will not alter the statute by judicial interpretation in this manner.

We have examined the evidence presented at trial in light of the test established in *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985) and find that the elements of the crime of Kidnapping for Purposes of Extortion are supported by competent evidence. Accordingly, we reject Appellant's claim this charge must be dismissed.

We have considered the claims of Appellant and have found them to be without merit. Consequently, the judgments and sentences against Appellant are AFFIRMED.

PARKS, P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.