**Ralph L. HUNT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–249.**

Court of Criminal Appeals of Oklahoma.

June 4, 1990.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice–Presiding Judge:

Ralph Hunt was convicted of Escape from a Penal Institution (21 O.S.1981, § 443) after a trial by jury in District Court of Muskogee County Case No. CRF–85–114 and sentenced to seven (7) years in the custody of the Oklahoma Department of Corrections. He has appealed his conviction alleging that § 443 did not apply to the facts surrounding his conviction and that the prosecutor made a number of improper comments during his closing arguments. After review and analysis of these claims, we do not find that any error occurred which warrants reversal or modification of Appellant's conviction.

The facts relevant to our review indicate during the time period in question, Petitioner was an inmate at the Jess Dunn Correctional Center in Taft, Oklahoma. He was involved in a work release program which required his transportation to the Horace Mann Community Treatment Center in Tulsa on a daily basis. He went to his job in Tulsa and then was returned to Jess Dunn in the evenings.

On March 1, 1985, Petitioner was issued a sixty hour pass which would entitle him to spend the weekend with his family. Petitioner left for the weekend, however, he failed to return to custody at the expiration of the sixty hours. He was arrested in Texarkana, Arkansas in July of 1986 and charged with Escape from a Penal Institution. Appellant now claims that the statute under which he was charged, 21 O.S.Supp.1983, § 443, did not support a charge of escape under the circumstances of his case. We disagree.

At the time Appellant was charged, § 443 provided:

B. Any person who is an inmate confined in any institution or facility operated by the Department of Corrections who escapes from said confinement, either while actually confined therein or while permitted to be at large as a trusty, shall be punishable by imprisonment of not

less than two (2) years nor more than seven (7) years.

Appellant argues that the provisions of this section do not apply to an escape which occurs while an inmate is at liberty on a pass and not physically in custody.

In support of his argument, Appellant cites *Evans v. Trimble*, 746 P.2d 680 (Okl. Cr.1987)[1] which held that § 443(B) did not cover escapes from a house arrest program. We reversed the conviction based on a finding that an inmate assigned to such a program was not "actually confined" as contemplated by the statute nor would he fit into the category of "trustee." We noted in *Evans*, however, that where an inmate was only temporarily outside the prison walls, "so long as some restraint on his freedom remained," principals of constructive confinements would apply. *Id.* at 682.

The concept of "actual custody" was also discussed in *Urbauer v. State*, 744 P.2d 1274, 1275 (Okl.Cr.1987) where we held:

> The term "custody" is an elastic term, which in criminal law generally means imprisonment ... We think that for purposes of escape from a penal institution, "custody" may be restraint by either physical means or a superior force acting as a moral restraint. But there must be actual or constructive custody in order to have an escape from that custody. (Citations omitted.)

We believe this analysis is applicable in the present case. Appellant was issued a pass in conformity with 57 O.S.1981, § 510.1. Subsection (C) of that statute provides:[2]

> A committed offender is, during his absence, to be considered as in the custody of the correctional facility and the time of such absence is to be considered as part of the term of sentence. Failure to return to the facility shall be deemed an escape and subject to such penalty as provided by law.

This section clearly provides that the inmate remains in custody and is honor bound to return from his excursion outside the prison walls. The inmate is continuously "restrained" from exercising his liberty in any manner other than that approved by the penal institution. While outside the boundaries of the institution to which he is confined, the inmate is fully aware that he is not free to do as he pleases and that any deviation from the terms of his pass will result in prosecution.

Appellant's argument that he was not in custody at the time of his escape is not persuasive. Appellant was, at the minimum, in constructive custody through the duration of his pass. When he failed to return to the institution at the expiration of the pass, he was properly considered to have escaped. The prosecution of that escape under § 443(B) was entirely proper and presents no reason for reversal.

 Appellant's next argument concerns a series of statements made by the prosecutor in his closing argument questioning Appellant's lack of corroborating witnesses and his credibility in general. The comments were not objected to at trial. Accordingly, we have reviewed the identified comments only for fundamental error, which we do not find. Thus, any potential error is waived. *Thomason v. State*, 763 P.2d 1182 (Okl.Cr.1988); *Smith v. State*, 737 P.2d 1206 (Okla.Cr.1987); *cert denied* 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987); *Plunkett v. State*, 719 P.2d 834 (Okl.Cr.1986); *Tucker v. State*, 620 P.2d 1314 (Okl.Cr.1980).

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.

---

1. Appellant also cites several unpublished opinions of this Court. Pursuant to our Rule 3.5(C), we will not consider these citations as authority.

2. Now codified as Section (F) pursuant to amendment effective June 28, 1985.