Troy Edward **POSEY**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. **F–88–441.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1991.

Monte Brown, McAlester, for appellant.

Robert H. Henry, Atty. Gen., Sandra Howard, Asst. Atty. Gen., Silas R. Lyman II, Legal Intern, Oklahoma City, for appellee.

OPINION

LANE, Presiding Judge:

Troy Edward Posey, Appellant, was tried by jury in a bifurcated trial for the crimes of Unlawful Delivery of a Controlled Dangerous Substance (63 O.S.1981, § 2–401(B)(2)), Feloniously Carrying a Firearm (21 O.S.Supp.1983, § 1283), and Use of a Firearm in the Commission of a Felony (21 O.S.1981, § 1287) in Pittsburg County District Court, Case No. F–87–82. The jury returned a verdict of guilty and set punishment at thirty-five (35), ten (10) and

forty (40) years imprisonment respectively. The trial court sentenced accordingly. Appellant raises two propositions of error, that prosecution of both Count II and III is barred by the federal and state prohibitions against double jeopardy, and that the trial court improperly admitted a tape recording which contained references to other crimes. We affirm.

Over the course of two weeks, Undercover Agent Howard Peters, of the Oklahoma Bureau of Narcotics, arranged to buy a pound of amphetamines from Troy Edward Posey, Appellant. On March 31, 1987, the appellant advised him he could only get a half-pound and would sell it for $8,500.00. Early the next morning, the appellant met Peters, who was wired to record the transaction, at the Valley Inn Motel in McAlester and stated he did not have the drugs with him. The men argued and appellant agreed to go get the drugs and bring them back. While the appellant was gone, Peters asked a second agent who had been in a room next door to relocate to the bathroom in Peters' room because the appellant was armed with a gun. When the appellant returned he handed Peters a Crown Royal bag containing the amphetamines, and Peters handed him a Crown Royal bag containing $8,500. Peters gave the arrest signal, and threw the appellant on the bed while the second agent told him to freeze. The appellant pulled his gun and was shot once by Smith. The agents recovered a note pad which had one entry, "Frank 241–5575". The phone number was that of Franklin Delano Winship who was also arrested, and who has perfected a separate appeal.

In his first proposition of error the appellant argues the trial court erred in overruling his motion to consolidate Counts II and III for the prohibition against double jeopardy in the state and federal constitutions bars his prosecution for the crimes of Feloniously Carrying a Firearm, and Use of a Firearm in Commission of a Felony. *See* Okla. Const. art. 2, § 21, U.S. Const. amend. V. This Court recently explained in *Turner v. State*, 786 P.2d 1251 (Okl.Cr. 1990) its use of the same evidence test to determine questions of double jeopardy in the context of a single trial for the prosecution of multiple offenses. This test was first articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and provides that the deciding factor in the analysis of whether there are two statutory offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Turner*, 786 P.2d at 1253. This test is satisfied even if there exists substantial overlap in the proof offered to establish the crimes. *Id., see also Thompson v. State*, 748 P.2d 526, 528 (Okl.Cr.1988).

In order to convict the appellant of Feloniously Carrying a Firearm the jury had to find the appellant had been convicted previously of a felony, and had in his possession a deadly firearm. To convict him of Use of a Firearm in Commission of a Felony the jury had to find that he possessed a firearm while committing or attempting to commit a felony. Each of these crimes plainly requires proof of different facts. Under the same evidence test, we find that prosecution for each of these crimes is not barred by the state and federal prohibitions against double jeopardy. *See Smith v. State*, 651 P.2d 1067 (Okl.Cr.1982).

In his final proposition of error the appellant argues that the trial court improperly admitted a tape recording which contains references to other crimes he committed. Appellant states in his brief:

> For the record, the tape was not recorded by the Court Reporter. It was this writer's understanding that a copy of the edited transcript would be substituted in lieu of the reporting of the tape recording. This agreement is not contained in the record but hopefully, the edited transcript is part of the record. (Appellant's Brief at 4).

Appellant does not refer us to any part of the record which contains a transcript of this tape, and we do not find it. On appellate review the appellant bears the burden of placing before this Court the record which he would have us review. We cannot rule on allegations of error which are not properly before us. *See Guthrie v.*

*State,* 679 P.2d 278 (Okl.Cr.1984). Finding no error which warrant modification or reversal, we affirm the judgment and sentence of the trial court.

LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Under the facts and circumstances of this case, I agree that appellant was properly convicted of both Feloniously Carrying a Firearm and Use of a Firearm in the Commission of a Felony. I wish to note, however, that I would find it improper under the Double Jeopardy Clause to convict a defendant of both of these crimes in the absence of an independent underlying felony. Because such an underlying felony was in fact charged and proved in the present case, that being Unlawful Delivery of a Controlled Dangerous Substance, I concur in the affirmance of the convictions.