**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY LEE HASTINGS,

      Petitioner-Appellant,

v.

GARY E. GIBSON, Warden,

      Respondent-Appellee.

No. 00-6313
(W. District of Oklahoma)
(D.C. No. CIV-99-1533-T)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Billy Lee Hastings' *pro se* request for a certificate of appealability ("COA"). Hastings seeks a COA so that he can appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA).  Because Hastings has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** the appeal.  *See id.* § 2253(c)(2).

Following a jury trial, Hastings was convicted in Oklahoma state court on the following four charges: (1) possession of cocaine; (2) possession of a weapon during commission of a felony; (2) possession of a weapon after former conviction of a felony; and (4) shooting with intent to kill.  Hastings was sentenced to four consecutive life sentences.  On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Hastings raised the following two claims of error: (1) his convictions for both possession of a weapon during the commission of a felony and possession of a weapon after former conviction of a felony violated the prohibition against double jeopardy; and (2) he was denied a fair trial as a result of prosecutorial misconduct.  The OCCA considered and rejected both of these claims on the merits in a summary opinion and an order denying rehearing.  Hastings then reasserted both claims in his § 2254 habeas corpus petition.

The district court referred Hastings' petition to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1).  The magistrate judge

began by noting that Hastings would be entitled to habeas relief only if he could establish that the opinions of the OCCA rejecting his claims were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Applying those standards, as elucidated in the Supreme Court's recent decision in *Williams v. Taylor*, 120 S. Ct. 1495, 1518-23 (2000), the magistrate judge concluded that both of Hastings' habeas claims failed.

As to Hastings' double jeopardy claim,[1] the magistrate judge recognized that the central question is whether the sentencing court has imposed greater punishment than the legislature intended. *See Missouri v. Hunter*, 459 U.S. 359, 365 (1983). In determining whether the state legislature intended to prohibit multiple punishments for a single criminal incident, federal courts are "bound by a state court's determination of the legislature's intent." *Cummings v. Evans*, 161 F.3d 610, 615 (10th Cir. 1998). In that regard, the magistrate judge observed that the OCCA had previously determined that the two statutory crimes at issue here

---

[1] In his habeas petition and arguments before the district court, Hastings limited his double jeopardy claim to the assertion that his convictions on both weapon-possession charges violated double jeopardy principles. For the first time in his brief on appeal, Hastings asserts that his convictions for possession of cocaine and possession of a weapon during the commission of a felony also violate the prohibition against double jeopardy. This court will not consider this newly-raised issue, however, because it was not included in Hastings' habeas petition or presented to the district court. *See Scott v. Hern*, 216 F.3d 897, 908 n.5 (10th Cir. 2000).

are separate and distinct offenses and that convictions for both crimes in a single proceeding does not violate either state or federal prohibitions against double jeopardy. *See Posey v. State*, 805 P.2d 687, 688 (Okla. Crim. App. 1991). Because that decision was not contrary to or an unreasonable interpretation of Supreme Court precedent, the magistrate judge concluded she was bound by the OCCA determination of state legislative intent.[2]

The magistrate judge similarly concluded that Hastings' claim based on prosecutorial misconduct was without merit. The magistrate judge began by noting that "[p]rosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of is so egregious as to render the entire proceedings against the defendant fundamentally unfair." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999). In this particular case, the evidence of Hastings' guilt was strong. *See id.* (holding that strong evidence of guilt weighs against finding fundamental unfairness). Furthermore, the prosecution argument

---

[2]On appeal, Hastings asserts that the district court erred in failing to consider his argument that punishment for both weapons charges violated Okla. Stat. tit. 21, § 11. In contrast to Hastings' assertion, however, the magistrate judge thoroughly analyzed the § 11 claim and concluded that to the extent this state-law claim could support a § 2254 habeas petition, the claim was without merit. *See* Magistrate Judge's Report & Recommendation at 6 n.4. Furthermore, in denying Hastings' petition for rehearing, the OCCA conducted an analysis under § 11 and concluded that the legislature did not intend to prohibit multiple punishments under the two statutes at issue in this case. As noted above, this finding of state legislative intent is binding on federal courts in resolving Hastings' double jeopardy claims.

was an "invited response" to arguments made by Hastings' counsel during closing arguments. Read in the context of Hastings' arguments, the magistrate judge concluded that the OCCA's determination that the prosecutor's comments did not render Hastings' trial fundamentally unfair was neither contrary to, nor an unreasonable application of, settled Supreme Court precedent.

Upon *de novo* review of the magistrate judge's report and recommendation, Hastings' objections thereto, and the entire file, the district court adopted the report and recommendation and denied Hastings' § 2254 habeas petition.

As noted above, Hastings must obtain a COA before he can appeal the district court's denial of his § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). Hastings is entitled to a COA only upon making a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). He can make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). This court has reviewed Hastings' request for a COA and accompanying brief, along with the magistrate judge's report and recommendation, the district court's order, and the entire record on appeal. That close review reveals that the district court's resolution of Hastings' petition is not debatable, subject to an alternate resolution, or deserving of further proceedings. Accordingly, this court **DENIES**

Hastings' request for a COA for substantially those reasons set forth in the magistrate judge's report and recommendation dated May 31, 2000, and the district court's order dated September 5, 2000. Hastings' appeal is, therefore, **DISMISSED**. *See* 28 U.S.C. § 2253(c).

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge